IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

Case No. 1:23-cv-01182

**MARIO D. BLUE**
4212 East 186th Street
Cleveland, Ohio 44122
*Plaintiff,*

FILED
AUG 14 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

VS.

**PLAINTIFFS RESPONSE TO DEFENDANTS ANSWER**

**MOTION FOR SUMMARY JUDGMENT**

**FACTUAL DATA CONSUMER ASSISTANCE**
P.O. BOX 530090
Atlanta, Georgia 30353
*Defendant*

    Now comes Plaintiff to respond to Defendant's answer, and move this honorable Court for summary judgment.

    Defendant states in previous answer, " *Plaintiff's Complaint should be dismissed, because it does not state a claim for which relief may be granted.* " This statement is false. Plaintiff in-fact states a claim for which relief may be granted. In the original complaint, Plaintiff identifies the libel damages that Defendant has caused against the Plaintiff from the continuous publishing of false information on the Plaintiff's consumer report. Not only are there libel damages, but Plaintiff also details the violations that Defendant has and continues to willfully do under the FCRA. Plaintiff seeks monetary damages from the FCRA violations and also the libel damages as well, which is quite reasonable considering the numerous violations that the Defendant has openly identified in its previous filed answer and past doings.

    Defendant also states in previous answer, " *Plaintiff cannot state a libel claim for which relief may be granted, because the Fair Credit Reporting Act pre-empts common law claims "in the nature of defamation, invasion of privacy, or negligence." 15 U.S.C. § 1681h(e).* " This statement is false. Pursuant to 15 USC 1681h(e), it also states " .....based in whole or in part on the report [2] except as to false information furnished with malice or willful intent to injure such consumer. " The evidence is clear and reflects that Plaintiff took the initiative to do the Administrative Process on correcting the issues outside of

the Court venue. Plaintiff's evidence also reflects that Defendant was given proper notice, as well as the proper time frame as allowed under law to correct the issues that were present. As it states Defendants answer, Factual Data failed not once, not twice but three times in responding to Plaintiff's correspondence via mail. Any reasonable person can determine that the Plaintiff had good intentions on resolving this matter on the administrative level, yet Defendant Willfully ignored Plaintiffs correspondents without any good reasoning to show to the Court on why this matter could not have been resolved before being brought to Court. Plaintiff evidence clearly reflects good faith and with clean hands, yet Defendant has absolutely no administrative evidence that can clarify its intent at all. This type of behavior is a clear indication of malice and willful intent on behalf of the Defendant. Defendant willfully published false information to other financial institutions after being put on notice three times by Plaintiff that the information they were furnishing was in-fact false. So Defendant is not entitled to hide behind 15 USC 1681h(e) because the evidence shows that Defendant intentionally ignored all correspondence of the Plaintiff with knowledge of knowing they were publishing false information on the Plaintiffs consumer report.

Defendant also states in previous answer, "*Plaintiff cannot state an FCRA claim for which relief may be granted, because under the FCRA, Factual Data acted as a "reseller" of information from Experian, Equifax, and Trans Union to PNC Bank, and the FCRA does not require resellers to correct the information that Experian, Equifax, and Trans Union had on file about Plaintiff.* " This statement is false. Pursuant to 15 USC 1681 (Congressional findings and statement of purpose), it states, "*(1)The banking system is dependent upon fair and accurate credit reporting.* " The key word in that sentence is Accurate, so under whatever role the Defendant is alleging to have played or "acted" as, Congress states that Accuracy is important to the bank system. If a Consumer Reporting Agency fails to meet accurate reporting of information on a consumers report, under any role they are "acting" to be, they're still in clear violation if they are publishing inaccurate information directly or indirectly. Most importantly, publishing inaccurate information after being put on notice three times of the inaccuracy is even worse.

Defendant also states in previous answer, "*As this memorandum will show, Factual Data could not and did not change the information that Experian, Equifax, and Trans Union had stored in their credit files about him.*" This statement is false. Defendant is a Consumer Reporting Agency that is subject to the FCRA, under no circumstances shall a Consumer Reporting Agency continuously publish inaccurate information to anyone after being put on proper notice. Defendant continues to state they received information from another Consumer Reporting Agency so they cant change it, this may be true but they can surely not report it if its been confirmed by the consumer that its in-fact false. Which is why the Plaintiff asserts the FCRA and is holding the Defendant accountable for their own violations of publishing false information.

As referenced in Defendant's previous answer , "*Written defamation is known as libel.*" *Mawaldi v. St. Elizabeth Health Center, 381 F. Supp. 2d 675, 688 (N.D. Ohio 2005)*". Defendant has in-fact committed libel against Plaintiff, the publishing of false information is a perfect example of written defamation. Not only was it written defamation, but it was also willfully published after being put on proper notice. Defendant was notified that the information they were reporting about the Plaintiff was false, and this notice came directly from the Plaintiff. Defendant ignored Plaintiffs notices and continued to publish this false information, which is written defamation and libel at its finest. Until this very day, Defendant is continuing to publish false information after being put on notice and sued in federal Court, this is malice. Malice is to intentionally do something after being informed that whatever they are doing is in-fact wrong.

Defendant's argument is that the information that was published was not collected by them, rather by another Consumer Reporting Agency, so the information they published to another Financial Institution is not a violation of the Plaintiffs rights under the FCRA. Even after being put on proper notice that the information they are furnishing is false, Defendant still believes this is not a violation of the Plaintiff rights under the FCRA. After proper notice, Plaintiff demanded the Defendant for a deletion of this false information on his consumer report, but Defendant argues that they can not change the information but they have all the right to still publish it after being put on proper notice by the Plaintiff. This argument is malice in itself.

Plaintiff now moves this Honorable Court for summer judgment; the Defendant has not provided to Court lawful reasoning on why false information was published on the Plaintiff consumer report after being put on proper notice three times during the administrative level. The publishing of false information is a clear violation of the FCRA, and Plaintiff has proven on the record administratively and Court wise of how the Defendant has violated the FCRA as well as the continuous libel damages against the Plaintiff.

In conclusion, Plaintiff moves for a summary judgment in favor of Plaintiff for the written defamation of false information continuously being published on the Plaintiff consumer report, and violations of the FCRA.

Respectfully submitted,

_____
Mario D. Blue
4212 E186th Street
Cleveland Ohio, 44122
Pro se

## Certificate of Service

A copy of the following foregoing " **PLAINTIFFS RESPONSE TO DEFENDANT'S ANSWER MOTION FOR SUMMARY JUDGMENT**" has been sent by ordinary USPS Mail to all parties or their attorneys this 14th day of August, 2023:

Jason A. Spak
FISHERBROYLES, LLP
6360 Broad Street #5262
Pittsburgh, PA 15206