# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **MARIO D. BLUE,** | ) | CASE NO. 1:23 CV 1182 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| **FACTUAL DATA, INC.,** | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

## I. Background

This is a removed *pro se* case. *Pro se* Plaintiff Mario D. Blue filed a "Libel Complaint and Affidavit" against Defendant Factual Data, Inc. ("Factual Data" or "Defendant") in the Cuyahoga County Court of Common Pleas. (Doc. No. 1-1.)[1] In his complaint, Plaintiff alleges Factual Data libeled him by failing to correct allegedly false information about him that Factual Data provided to PNC Bank on consumer credit reports. (Doc. No. 1-1.) Plaintiff's complaint references three dispute notices he sent to Factual Data, asking Factual Data to correct information on his reports. (*See* Doc. No. 1-1 at 2-3, 7, 30).

---

[1] Plaintiff is a frequent frivolous filer in federal court and was enjoined in 2021 from filing any new lawsuits in this district without first seeking and obtaining leave to do so. *See Blue v. CSEA*, No. 1: 20-cv-2423, Doc. No. 7 at 1 (N.D. Ohio Sept. 29, 2021). While this action was removed from state court by Defendant, in this Court's view, Plaintiff, as a restricted filer, should have timely notified the Court. The Court hereby instructs Plaintiff to comply with the Court's aforementioned Order and seek leave before filing any lawsuit in this district. Furthermore, for purposes of clarification, Plaintiff is hereby ORDERED to notify the Court that he is a frequent frivolous filer within fourteen days of any state court lawsuit being removed to this Court.

On June 16, 2023, Factual Data removed the action to federal court and filed a motion to dismiss it pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 3.)

## II. Standard

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief may be granted. To survive a dismissal, a "complaint must present 'enough facts to state claim to relief that is plausible on its face.'" *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although pleadings filed by *pro se* litigants are generally "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a *pro se* complaint must satisfy Rule 12(b)(6)'s requirements to avoid dismissal. *See Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011). The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. The Sixth Circuit Court of Appeals has "decide[d] that the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### III. Analysis

Even construing the Complaint liberally on Plaintiff's behalf and assuming that he intended to raise a claim under the Fair Credit Reporting Act ("FCRA" or "the Act"), the Complaint, nonetheless, fails to raise a plausible claim. Pursuant to 15 U.S.C.A. § 1681h(e), "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency … except as to false information furnished with malice or willful intent to injure such consumer." The Court agrees with Factual Data's contention that the Complaint does not allege facts suggesting that Defendant provided false information to PNC Bank "with malice or willful intent to injure him" or that it violated the Act.

Moreover, Factual Data contends Plaintiff's pleading on its face demonstrates that it did not provide its own information about Plaintiff on the consumer credit reports it provided to PNC Bank. Rather, it merely acted as a "reseller" of information contained in the databases of other consumer reporting agencies, *i.e.*, Experian, Equifax, and Trans Union. (*See, e.g.,* Doc. No. 3-2; Doc. No. 1-1 at PageID# 44 (showing Plaintiff's Experian, Equifax, and Trans Union credit scores).[2]

Therefore, Factual Data contends that because it was not the source of the information, it had no obligation to reinvestigate or correct the information Plaintiff disputed. Instead, its only duty was to forward the dispute to the source of the disputed information (*i.e.*, to Experian,

---

[2] The FCRA defines a "reseller" as a "a consumer reporting agency that-- (1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced." 15 U.S.C. § 1681a(u).

Equifax, or Trans Union) and to relay the source's response back to the consumer. (*See* Doc. No. 3-2 at 9, citing 15 U.S.C. § 1681i(f)(2)(B)(ii) and 1681i(f)(3)(B)). It contends Plaintiff's complaint warrants dismissal because it does not set forth facts suggesting that it failed to fulfill its duties as a reseller.

Upon review, the Court finds Factual Data's motion to dismiss well-taken. Plaintiff makes no allegation in his complaint that Defendants failed to follow reasonable procedures to ensure that his consumer information was used only for permissible purposes.

Factual Data has persuasively shown that Plaintiff's pleadings, on their face, demonstrate that his claims are preempted by the Act, and that Defendant is not liable to Plaintiff because Factual Blue did not provide its own information about Plaintiff to PNC Bank. Thus, Defendant did not fail to fulfill any duty it owed to Plaintiff under the Act.

Although Plaintiff filed an untimely response to Factual Data's motion to dismiss and moved for summary judgment in his favor (Doc. No. 5), Plaintiff does not demonstrate that he has alleged a plausible claim. Plaintiff does not point to cogent specific facts plausibly suggesting that Factual Data was the source of the information Plaintiff disputed on his consumer credit reports, that Factual Data furnished information with malice or willful intent to injure Plaintiff, or that Factual Data failed to fulfill a duty it owed to Plaintiff as a reseller of information under the FCRA. Instead, his brief consists of unclear and conclusory statements and legal assertions that Factual Data is liable to him. Although a court must view the factual allegations of a pleading on a motion to dismiss in the light most favorable to the plaintiff, a court "need not accept as true legal conclusions or unwarranted factual inferences," in determining whether a complaint states a claim, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust*

*Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks and citations omitted). Plaintiff has failed to demonstrate, either in his complaint or his motion, that he has alleged claims against Factual Data not preempted by the FCRA, or that he has any plausible claim against Factual Data under the FCRA upon which he may be granted relief.  It is insufficient for a plaintiff—even a *pro se* plaintiff—to vaguely allege that rights were violated under the FCRA.

## IV. Conclusion

Accordingly, Factual Data's motion to dismiss is granted, Plaintiff's motion for summary judgment is denied, and this action is dismissed.  The Court further certifies, pursuant to 28 U.S.C. 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT SO ORDERED.

/s *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date:  March 28, 2024